S. Barry Paisner
Arizona Bar No. 009793
Hinkle Shanor LLP
218 Montezuma Avenue
Santa Fe, New Mexico 87501
(505) 982-4554
E-mail: bpaisner@hinklelawfirm.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA

| | |
|---|---|
| Bobbie Benally, | ) No. **3:19-cv-08026-SPL** |
| Plaintiff, | ) |
| vs. | ) **PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS COUNT II OF THE COMPLAINT** |
| Office of Navajo Hopi Indian Relocation, an Administrative Agency of the United States, | ) |
| Defendant. | ) |

Plaintiff Bobbie Benally ("Mr. Benally") Responds in opposition to Defendant, the Office of Navajo Hopi Indian Relocation's ("ONHIR") Motion to dismiss Count II of the complaint.

## I.    INTRODUCTION

Count II of the complaint alleges that ONHIR due to its own incompetency and its own self-serving reasons has delayed the administrative processing of this appeal since 1975. On February 27, 2008, this Court determined that ONHIR had breached its fiduciary duty to Mr. Benally by failing to inform his potential eligibility for relocation benefits prior

to the July 7, 1986 application deadline. *Noller Pete Herbert v. ONHIR,* CV-06-3014-PCT-NVW ONHIR (D. Ariz. 2008).  (see Complaint ¶¶ 21-23. Following *Herbert*, after a twenty-two-year refusal to take applications, ONHIR reopened the application process to individuals who potentially were entitled to relocation benefits but who had been previously excluded from the application process, and administrative appeals then resumed in February of 2010. Thus today, more than forty years after the passage of the Act, and more than thirty-one years after Congress required that relocation be completed, ONHIR continues to deny relocation benefits to eligible Navajo relocatees, including Mr. Benally, and the promise of the Act remains unfulfilled. Mr. Benally will demonstrate through the prosecution of Count II that ONHIR's failure in fulfilling its Congressional mandate, as well as ONHIR's persistent bureaucratic delays, have thwarted his ability to prove his case. Mr. Benally was born and raised on the Hopi Partitioned Lad ("HPL").  His family is well known to ONHIR and most were certified for Relocation Assistance and Benefits. **CAR 000006-17; 000093-99** Mr. Benally, was ignored by ONHIR and was turned away from ONHIR seven or eight times when he tried to apply. **CAR 000021.**  Finally, under compulsion of the *Herbert* Order ONHIR notified Mr. Benally that he could apply for Relocation Assistance Benefits. On February 24, 2009, Plaintiff's application was "accepted" by ONHIR.   It then took another four years and four months for the factual record to be closed and the agency to take Final Agency Action on Mr. Benally's application.

**II.      THE ADMINISTRATIVE DELAY CONTAINED IN THE RECORD**

The Certified Administrative Record, demonstrates an unreasonable delay that

speaks for itself in handling Mr. Benally's entitlement to benefits that violates the Administrative Procedure Act ("APA") and ONHIR's fiduciary duties to Mr. Benally.[1] [2]

1. Mr. Benally tried to apply for relocation assistance benefits eight or nine times but was told he could not apply. **(Complaint ¶ 33; CAR 000021);**

2. On February 24, 2009 Mr. Benally applied for Benefits and his application was accepted. **CAR 000019-23**.

3. ONHIR regulations require a hearing within thirty days of the applicants request for a hearing in this case thirty days would be May 4, 2010. *25 C.F.R. § 700.311 (d)* unless extended by the Presiding Officer. The hearing took place on August 10, 2012. **CAR 000123**

4. The key issue for the hearing was whether Mr. Benally was a legal resident of HPL on December 22, 1974 when he was living in employee quarters at a lumber mill in McNary, Arizona. This occurred thirty-nine years before the administrative hearing.

5. ONHIR defended the allegations of delay in its post hearing brief. **CAR 000178.**

6. Although the Plaintiff and his attorneys are responsible for one motion to continue before the factual record closed that pales when compared to ONHIR's forty-year delay before the fact record closed.

[1] The Certified Administrative Record [ Doc. 10, filed April 1, 2019) will cited as **CAR** and the Bates number.

[2] Plaintiff and Counsel recognizes that this Court has ruled on similar issues against the Relocatees, as cited by ONHIR, however, we respectfully disagree with those holdings and also submit Mr. Benally brings individual factual claims specific to his record.

### III.     RULE 12(B)(1) STANDARDS

ONHIR has moved to dismiss Count II of Mr. Benally's complaint under Rule 12(b)(1) for lack of subject matter jurisdiction. A jurisdictional attack under Rule 12(b)(1) may be either "facial" or "factual." *See, e.g., White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). In a facial attack, the defendant asserts that the complaint's allegations on their face fail to support federal jurisdiction. In a factual attack, the defendant disputes the truth of those allegations by a proffer of extrinsic evidence outside the four corners of the complaint. *See Morrison v. Amway Corp.*, 323 F.3d 920, 924 n. 5 (11th Cir. 2003) (stating that a jurisdictional challenge was factual where "*it relied on extrinsic evidence* and did not assert lack of subject matter jurisdiction solely on the basis of the pleadings") (emphasis added).

ONHIR offers no extrinsic evidence in support of its motion, and instead merely relies on assertions regarding the inadequacy of the complaint. ONHIR acknowledges that the Court can look beyond the complaint in a 12(b)(1) motion, however, in its brief only the complaint is referenced. Accordingly, ONHIR's motion must be assessed as a facial jurisdictional attack. *See Savage v. Glendale Union High School*, 343 F.3d 1036, 1039 n. 2 (9th Cir. 2003)  As a facial attack, the allegations of Count II must be accepted as true and all reasonable inferences must be drawn in favor of Mr. Benally. *Snyder & Assocs. Acquisition LLC v. United* States, 859 F.3d 1152, 1155 n. 1 (9th Cir. 2017). Count II plainly states a federal question cause of action.

However, even assuming that ONHIR somehow has properly posited a factual attack, "[j]urisdictional dismissals in cases premised on federal question jurisdiction are

4

exceptional and must satisfy the requirements specified in *Bell v. Hood*, 327 U.S. 678 (1946)." *Sun Valley Gasoline, Inc. v. Ernst Enterprises*, 711 F.2d 138, 140 (9th Cir. 1983). It is well-established in the Ninth Circuit that a "[j]urisdictional finding of genuinely disputed facts is inappropriate **when 'the jurisdictional issue and the substantive issues are so intertwined that the question of jurisdiction is dependent on the resolution of factual issues going to the merits' of an action."** *Sun Valley*, 711 F.2d at 139 (emphasis added) (quoting *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983). The jurisdictional question and the merits of an action are "intertwined" if "a statute provides the basis for both the subject matter jurisdiction of the federal court and the plaintiff's substantive claim for relief." *Id*. Here the Settlement Act provides the basis for jurisdiction and for Mr. Benally's substantive claims.

### IV.    ONHIR AND ITS DELAY OF THE APPLICATION PROCESS

In 1974, Congress enacted the Navajo-Hopi Land Settlement Act (the "Settlement Act" or the "Act"). The Act authorized the partition of the Joint Use Area, ordered tribal members living on the partitioned land of the other tribe to relocate, and created a generous benefit program to compensate the thousands of primarily Navajo people who would be compelled to abandon their homes and relocate. *See generally* Pub. L. No. 93-531, § 12, December 22, 1974, 88 Stat. 1716. Congress intended that the Act would "insure that persons displaced as a result of the Act are treated fairly, consistently, and equitably so that these persons will not suffer the disproportionate adverse, social, economic, cultural, and other impacts of relocation." 25 C.F.R. § 700.1(a). Mr. Benally seeks to vindicate his rights arising under the Act.

The Settlement Act established ONHIR for the sole purpose of identifying Navajo and Hopi tribal members who were potentially required to relocate from the Joint Use Area, processing the applications of those persons, and, subject to qualification criteria, providing relocation housing and associated benefits. 25 C.F.R. § 700.133. Congress allowed ONHIR five years from the date of the submission of its "relocation plan" to complete the relocation of the affected Navajo and Hopi tribal members. ONHIR eventually took seven years from the passage of the Act to complete and issue its "plan" in 1981. That initial delay resulted in July 7, 1986 being established as the deadline for completing the relocation process.   ONHIR own regulation state that it will provide replacement housing "within a reasonable amount of time prior to displacement. *25 C.F.R. § 700.3 (a).* ONHIR closed the application process for relocation benefits on July 7, 1986. Nearly twenty (20) years later, in 2005, ONHIR agreed to accept applications from a limited number of specifically identified individuals who had contacted ONHIR after the July 7, 1986.

Administrative appeal proceedings for some of those post-1986 applicants were held in the period 2006 – 2008. On February 27, 2008, Judge Wake issued his opinion in *Herbert v. ONHIR*, No. CV-06-03014-PCT, 2008 WL 11338896 (D. Ariz. Feb. 27, 2008), and ONHIR suspended hearings. In *Herbert*, Judge Wake ruled that ONHIR was "required to notify and inform 'each person' . . . potentially subject to relocation" and determined that ONHIR's systematic failure to notify such persons of their potential eligibility for benefits constituted a breach of ONHIR's trust obligations. Today, more than forty years after the passage of the Act, and more than thirty-one years after Congress required

that relocation be completed, ONHIR continues to deny relocation benefits to eligible Navajo relocatees, including Mr. Benally, and the promise of the Act remains unfulfilled. Mr. Benally will demonstrate through the prosecution of Count II that ONHIR's incompetence in fulfilling its Congressional mandate have thwarted his ability to prove his case.

## V. EXHAUSTION OF ADMINISTRATIVE REMEDIES IS NOT REQUIRED PURSUANT TO THE SETTLEMENT ACT AND ITS REGULATIONS

Exhaustion of administrative remedies is only jurisdictional if the enabling statute, or regulations promulgated thereunder, "expressly mandate exhaustion of administrative remedies prior to filing suit." *Darby v. Cisneros*, 509 U.S. 137, 143 (1993). The Administrative Procedure Act, 5 U.S.C. § 701 (2012), only requires exhaustion when it is prescribed by the agency's statute or regulations. *Darby* at 147. The *Darby* Court found that it would be "inconsistent" with the APA to require exhaustion when it is not required by "statute or agency rule." *Id.* at 148. The *Darby* Court does recognize that where appropriate the Court may apply "other prudential doctrines." *Id.* at 146. *see also:* In *McCarthy v. Madigan*, 503 U.S. 140 (1992), *superseded by statute on other grounds*, Prison Litigation Reform Act of 1995, Pub. L. No 104-134, 110 Stat. 1321-71 (1996); *Weinberger v. Salfi*, 422 U.S. 749, 757 (1975) (the statute must have "sweeping and direct language"); *McKart v. United States*, 395 U.S. 185, 192-93 (1969) (exhaustion is subject to numerous exceptions). Defendant relies on *Reid v. Engen*, 765 F.2d 1457 (9th Cir. 1985) for support that exhaustion is jurisdictional. However, *Reid* interpreted a statute that mandated exhaustion. Even though *Reid* was decided eight years before *Darby*, the *Reid* Court followed the same analysis as applied by *Darby*—that a statute must explicitly

require exhaustion for the Court not to have jurisdiction over the case. *Id*. at 1462. Defendant has made no showing that the Settlement Act or its regulation mandate exhaustion of administrative remedies and prudential exhaustion should not be applied in this case. *Cf. Gonzales v. Dept. of Homeland Sec.*, 508 F.3d 1227 (9th Cir. 2007). ONHIR does not claim and cannot claim that the Settlement Act or the regulation promulgated pursuant to the Act requires exhaustion of administrative remedies. Therefore, this Court does have jurisdiction over Count II of the complaint and Defendant's Motion should be denied.

## VI.  PRUDENTIAL EXHAUSTION IS NOT JURISDICTIONAL AND DEFENDANT'S MOTION SHOULD BE DENIED

When Congress does not use "sweeping and direct language" to mandate exhaustion, failure to exhaust is not jurisdictional. *Weinberg*, 422 U.S. at 759; *Puga v. Chertoff*, 488 F.3d 812 (9th Cir. 2007) (statutory exhaustion is jurisdictional prudential exhaustion is not)); *Maronyan v. Toyota Motor Sales*, 658 F.3d 1038 (9th Cir. 2011).

The Courts distinguish between statutory exhaustion, which is a jurisdictional prerequisite, and prudential exhaustion, which is a judicially created doctrine that is not jurisdictional, and therefore not mandatory. *McCarthy v. Madigan*, 503 U.S. at 145-146; *Weinberger v. Salfi*, 422 U.S. at 766; *see also Safe Air for Everyone v. Meyer*, 373 F.3d 1035 (9th Cir. 2004) (jurisdiction dismissals in federal question cases "are exceptional"). In *Yagman v. Pompeo,* 868 F.3d 1075, 1083 (9th Cir. 2017), the Ninth Circuit addressed and rejected the argument that non-statutory exhaustion was jurisdictional, finding that because the Freedom of Information Act does not expressly require exhaustion, The Court

ruled: "[T]herefore exhaustion cannot be considered jurisdictional." *Id*.

The Ninth Circuit and this Court have ruled that the balancing of factors is within the sound discretion of the court. *Ortega-Morals v. Lynch*, 168 F.Supp.3d 1228 (D. Ariz. 2016) (denying the government's motion to dismiss and declining to apply prudential exhaustion). In *Ortega-Morales*, the government moved to dismiss because the Plaintiff failed to exhaust his administrative remedies. *Id.* at 1234. The Court noted that, because no statute or regulation specifically mandated exhaustion, "sound judicial discretion" governed. *Id.* at 1240. The Court then applied the *McCarthy* balancing test and found that Plaintiff's failure to appeal at the administrative level did not "violate any prudential exhaustion requirement." *Id.* at 1242. This Court should deny ONHIR's motion using the same analysis applied in *McCarthy*.

In this case, Defendant has moved to dismiss based on Rule 12(b)(1), alleging this Court does not have subject matter jurisdiction, despite the fact that there is no "sweeping and direct language" in the Settlement Act or ONHIR's regulations mandating exhaustion of administrative remedies. *Weinberger* at 766. Prudential exhaustion is not jurisdictional and therefore Defendant's Motion to Dismiss on subject matter jurisdiction should be dismissed.

## VII. APPLICATION OF THE *MCCARTHY* BALANCING TEST DECIDEDLY FALLS IN FAVOR OF THE PLAINTIFF

Pursuant to *Darby v. Cisneros, 509 U.S.* at 154, in this APA case, it is questionable whether this court should require exhaustion of administrative remedies. However, Plaintiff recognizes that the Court may in its discretion analyze whether prudential

exhaustion should or should not be applied by the application of the *McCarthy* balancing test.

### A.    The *McCarthy* Balancing Test

In *McCarthy*, the U.S. Supreme Court held in a non-APA case where exhaustion was not a statutory mandate, that the Court, in its discretion, may impose prudential exhaustion after analyzing the case through a balancing test.  The Court stated that the individual does not have to pursue administrative remedies if "the litigant's interest in immediate judicial review outweigh the government interest."  *McCarthy*, 503 U.S. at 146; *see also El Rescate Legal Servs. Inc. v. Executive Office of Immigration Review*, 959 F.2d 742, 747 (9th Cir. 1991); *Gonzales v. Dept. of Homeland Sec.*, 508 F.3d at 1233.

The factors that may weigh in favor of exhaustion are: 1) agency expertise and a proper record are needed; 2) not requiring exhaustion would encourage bypass of the administrative procedure; and 3) administrative review is likely to correct its mistakes and thereby avoid the need for review.  *See Gonzales* at 1233-1234.  Defendant does not make any showing of the institutional interests.  The Court should recognize that the Settlement Act requires the Federal District Court in Arizona to be the only Federal District to hear relocation appeals.  As stated in *Bedoni v. Navajo-Hopi Indian Relocation Com'n*, 878 F.2d 1119, 1120 (9th Cir. 1989), "Congress effectively directed the district court to develop expertise about the complex relocation process by expressly granting the district court jurisdiction over a wide range of disputes arising therefrom."  *See, e.g.,* 25 U.S.C. §§ 640d–3(a), 640d–3(b), 640d–5, 640d–7 and 640d–17.

The Court must balance these institutional concerns against the individual's

interest which favors a prompt access to the judicial forum. *McCarthy* sets forth the factors weighing in favor of the individual (and against exhaustion) as follows: 1) going back to the administrative remedy may cause prejudice to a subsequent Court appeal, especially when the administrative process has an "unreasonable" or indefinite time frame; 2) there is some doubt as to whether the agency is empowered to grant effective relief; and 3) the administrative agency may be "biased" or "predetermined" on the issue, which would render an attempt to exhaust the claim futile.

### B. Factors that Mandate Against Prudential Exhaustion

**1. Prejudice to Mr. Benally will result because ONHIR utilizes an unreasonable, indefinite, and arbitrary timeframe for administrative action.**

The very basis for Count II of the Complaint is that ONHIR utilized an unreasonable, indefinite, and arbitrary timeframe for its administrative action in Mr. Benally's case. Because of this delay, the Court should not require Mr. Benally to return to the administrative level to exhaust his breach of trust claim. *See Gibson v. Berryhill*, 411 U.S. 564, 575 n.14 (1973) (administrative remedy deemed inadequate "[m]ost often . . . because of delay by the agency"). *Coit Independence Joint Venture v. FSLIC*, 489 U.S. 561, 587 (1989) ("[b]ecause the Bank Board's regulations do not place a reasonable time limit on FSLIC's consideration of claims, Coit cannot be required to exhaust those procedures.") *See also Walker v. Southern Ry. Co.*, 385 U.S. 196, 198 (1966) (finding possible delay of 10 years in administrative proceedings makes exhaustion unnecessary). Thus, if a remand to an agency will simply throw an applicant back into a process with no end, the Courts have found that it is prejudicial to the applicant to subject his to more

delay at the agency level.

**2. ONHIR is not empowered to rule on, or grant effective relief for, its breach of trust.**

Regardless of whether Plaintiff would have brought the claim at the administrative level, ONHIR is not empowered to rule on Plaintiff's breach of trust claim. The language of the Settlement Act creates a trust relationship between ONHIR and those who were relocated pursuant to the Act. *Bedoni*, 878 F.2d at 1124-25 ("The undisputed general trust obligation, buttressed by the many grants of express trustee authority in the Settlement Act, justify the imposition on [ONHIR] of an affirmative duty to manage and distribute the funds appropriated pursuant to the Settlement Act such that the displaced families received the full benefits authorized for them."); *Mike v. ONHIR*, No. CV-06-0866-PCT-EHC, 2008 WL 54920 (D. Ariz. 2008); *Herbert v. ONHIR*, 2008 WL 11338896 Under Ninth Circuit law, an agency is not empowered to rule on a breach of trust claim when the agency's trust obligation to the applicant arises out of statute. *See Horan v. Kaiser Steel Retirement Plan*, 947 F.2d 1412, n.1 (9th Cir. 1991) ("The exhaustion requirement applies to the plaintiff's benefits claim, but does not apply to the plaintiff's fiduciary breach claim because this claim alleges a violation of the statute"); *see also Fujikawa v. Gushiken*, 823 F.2d 1341, 1345 (9th Cir. 1987) (finding that exhaustion "is not required where the issue is whether a violation of the terms or provisions of the statute has occurred"); *Traylor v. Avnet, Inc.*, No. CV-08-0918-PHX-FJM, 2009 WL 383594, at *4 (D. Ariz. Feb. 13, 2009). Further, Bedonie Id. found a specific fiduciary relationship between ONHIR and the Applicant family is to receive the "maximum amount of benefits available to them" *Id. 1126.* As stated, the Benally family

was well known to ONHIR. **CAR000006-8; 000010-13.**  The ONHIR instead of looking at the Benally family and timely notifying Mr. Benally of his rights, it ignored him, turned him away and delayed his claim.  The Eligibility officer stated regarding the applicant's burden to prove residency "some forty years after the critical events is an extraordinarily difficult task" .  **CAR 000178.** ONHIR violated the specific trust duty set out in *Bedonie* to maximize the amount of benefits a family is entitled to and ONHIR should not be given a pass after violating it trust responsibility.

Under the APA, the reviewing courts may "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706.  "The APA in conjunction with 28 U.S.C. § 1331, gives the [C]ourt jurisdiction to compel action from a government agency unlawfully withheld or unreasonably delayed." *Sidhu v. Chertoff*, No. 1:07-CV-1188-AWI-SMS, 2008 WL 540685, *4 (E.D. Cal. Feb. 25, 2008) (citing *Idaho Watersheds Project v. Hahn*, 307 F.3d 815, 830 (9th Cir. 2002));  *Cobell v. Norton,* 240 F.3d 1081 (D.C. Cir. 2001)  (recognizing that further Agency delay would cause more documents to be lost). The APA specifically empowers this court to address and remedy agency delay. Id. Defendant's motion should be denied on the basis that it failed to address fully the allegations in Count II.

**3.  ONHIR has shown itself to be biased and has otherwise predetermined the issue.**

There is no requirement of prudential exhaustion if an agency's official positions make recourse to the agency futile. *El Rescate Legal Servs, Inc.*, 959 F.2d at 747; *SAIF Corp./Oregon Ship v. Johnson,* 908 F.2d 1434 (9th Cir. 1990) (when an agency's position

is "set," recourse to the agency would be futile and not required).  When the Agency has made its position clear on an issue, it is futile to require an applicant to go through the motions with the agency to receive a predetermined decision.  *See Houghton v. Shafer*, 392 U.S. 639, 640 (1968) (it "would be to demand a futile act" to require the plaintiff to go before the Attorney General where the issue has been pre-determined.); *Horan*, 947 F.2d at 1416 (it is unnecessary to require plaintiffs to exhaust administrative remedies on a claim when the administrator stated in its appellate brief that the claim was meritless).

Through ONHIR's entire history, the agency has relied on a single administrative law judge, Harold Merkow, to preside over every administrative hearing and rule on each of those appeals.  Since February 2010, which is when administrative hearings resumed following the *Noller Herbert* decision, there have been 226 administrative appeal hearings.  *See* Ex. 1 Affidavit of Susan Eastman Former Director of Navajo Hopi Legal Services Program from *Kirk v. ONHIR* 3:17-CV-08254-SPL at ¶ 8.  Of those 226 hearings, the IHO ruled against the applicant in 204 instances. *Id.* Since the *Herbert* Court found that ONHIR had systematically breached its trust obligations to Navajo-Hopi applicants, the IHO has denied over 90% of the appeals he has heard.

More specifically, the agency, its IHO, and its legal counsel at the federal level have had numerous opportunities to take into account ONHIR's delay when addressing applications for relocation benefits and has repeatedly declined to hold ONHIR responsible for its own mistakes.  ONHIR's in-house counsel and Certifying Officer, Larry Ruzow, in this case acknowledged that the passage of time has resulted in lost evidence and an impossible burden on the applicant:

> In Appeals such as this . . . [producing evidence about the applicant's move-off date] some forty years after the critical events is an extraordinarily difficult task. Since the Applicant has the burden of proof to show eligibility, much of this burden is borne by Applicants. It is sad that [the applicant] did not choose to file his Application at a time when witnesses now deceased were alive and when memories were not clouded by time. **CAR 000178**

Mr. Ruzow blames Mr. Benally for the delay in proceedings, and neglects to mention that the agency closed its doors for twenty-two years, turned applicants away during that time, arbitrarily re-opened the application process in 2005, again delayed the proceedings for an additional four and half years and then rejected the applications on the basis of lost evidence, memory and witnesses.

The *McCarthy* balancing test as applied to Mr. Benally's case is in his favor, defendants have failed to address its burden and the Court should not require prudential exhaustion.

## VIII.  PLAINTIFF RAISED THE DELAY ISSUE BEFORE THE AGENCY

### A.  The Issue of Delay was Before the Agency

The exhaustion issue is not to be used in a "formalistic manner". The inquiry by the Court is whether the issue was before the agency sufficient for it to "correct its error". *Figueroa v. Mukasey,* 543 F.3d 487 (9th Cir. 2008)   During an agency proceeding, a party "need not raise an issue using precise legal formulations, as long as enough clarity is provided that the decision maker understands the issue raised." *Lands Council v. McNair,* 629 F.3d 1070, 1076 (9th Cir. 2010). The plaintiff will be found to have "exhausted their administrative appeals if the appeal, taken as a whole, provided sufficient notice to the Forest Service to afford it an opportunity to rectify the violations

that the plaintiffs alleged." *Native Ecosystems Council,* 304 F.3d 886, 899.(9th Cir., 2002).

In Mr. Benally's case, he raised the issue of the delay in his application in which he states he tried to apply seven or eight times and was turned away.  ONHIR defends its position on delay and blames the delay on Mr. Benally for not applying before he did.  ONHIR was on notice of the delay claim and defended against it. ONHIR was put on notice of the claims of delay and breach of trust and chose not to take any corrective action.

**B. Mr. Benally Did not Waive his Claims**

ONHIR, knowing it does not have a failure to exhaust claim tries to bootstrap a waiver argument.  The cases cited are exhaustion cases.  ONHIR does not claim that the issues were not raised at the agency level, it claims that the Mr. Benally did not raise them sufficiently in a formalistic manner.  However, the weight of the evidence should not be decided in this motion to dismiss and disputed facts should not be resolved. *Sun Valley* Plaintiff has demonstrated that the issues were adequately raised at the administrative level.

**IX. ONHIR TOOK FINAL AGENCY ACTION ON THE CASE**

The Defendant essentially admits that it does not have a viable exhaustion claim without a mandate from the statute or agency regulation and reframes its exhaustion claim as a finality argument.  This is in total disregard of the fact that the ONHIR took a final agency action on June 6, 2013 and stated "this constitutes Final Agency Action in the Bobbie Benally CF# 5217 Appeal and concludes the administrative review process.

16

The case is hereby closed." **CAR 000203**.  The United States Supreme Court in *Bennet v. Spear*, 520 U.S. 154 (1997) set out a two-prong test to determine whether there was final agency action. Id. at 177-8.  "First, the action must mark the 'consummation' of the decision-making process" and not be interlocutory in nature. Id. Second, it must be a final decision where "legal consequences flow" and rights are determined".  In *Navajo Nation v. US Dept of Interior,* 819 F.3d 1084 (9th Cir. 2016) the Ninth Circuit held that the "consummation of the agency decision making" is when there is no further agency decision making and there is final agency action. Id. 1091. In this case, ONHIR stated the agency matter was concluded and the case closed. **CAR 000203**.  The Final Agency action by ONHIR had the legal consequences to Mr. Benally and the statute of limitations began to run.  The motion to dismiss should be denied.

**X. CONCLUSION**

The Court has subject matter jurisdiction over Count II of the complaint.  There is no requirement to exhaust administrative remedies in ONHIR's enabling statute or its regulations. Plaintiff did not waive any claims. This Court should not require prudential exhaustion because it would prejudice the Plaintiff.  Final Agency action was taken on June 6, 2013.

**HINKLE SHANOR LLP**

/s/ *S. Barry Paisner*
218 Montezuma Avenue
Santa Fe, New Mexico 87501
*Attorney for Plaintiff*

17

## CERTIFICATE OF SERVICE

I hereby certify that on 12th day of April 2019, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and served a copy of the attached document through the CM/ECF System to all counsel of record.


/s/ S. Barry Paisner
Attorney for Plaintiff