**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Bobbie Benally,<br><br>        Plaintiff,<br><br>vs.<br><br>Office of Navajo and Hopi Indian Relocation,<br><br>        Defendant. | No. CV-19-08026-PCT-SPL<br><br>**ORDER** |

Before the Court is Defendant Office of Navajo and Hopi Indian Relocation's ("ONHIR") Motion to Dismiss Count II of the Complaint for Lack of Subject-Matter Jurisdiction (the "Motion"). (Doc. 9) The Motion was fully briefed on April 30, 2019, and oral argument was not requested. (Docs. 12, 13) For the reasons that follow, the Motion will be granted.

**I.     Background**

Bobbie Benally (the "Plaintiff") submitted an application for relocation benefits pursuant to the Navajo-Hopi Land Settlement Act of 1974 (the "Settlement Act"). (Doc. 1 at 2, 5) On February 19, 2010, ONHIR denied the Plaintiff's application for relocation benefits, finding that the Plaintiff did not meet the requirements to receive relocation benefits. (Doc. 1 at 5) On April 10, 2010, the Plaintiff appealed ONHIR's rejection of his application for relocation benefits, and an administrative hearing was held on the appeal on August 10, 2012. (Doc. 9 at 4) On June 6, 2013, ONHIR issued a final decision

upholding its denial of the Plaintiff's application for relocation benefits. (Doc. 1 at 8) On January 28, 2019, the Plaintiff initiated this action by filing a complaint (the "Complaint") alleging that ONHIR's decision was arbitrary and capricious, and ONHIR's delay breached its fiduciary duty to the Plaintiff. (Doc. 1 at 8–10) The Defendant filed the Motion seeking to dismiss the Plaintiff's breach of fiduciary duty claim for lack of subject-matter jurisdiction. (Doc. 9)

## II.     Standard of Review

Federal Rule of Civil Procedure 12(b)(1) "allows litigants to seek the dismissal of an action from federal court for lack of subject matter jurisdiction." *Kinlichee v. United States*, 929 F. Supp. 2d 951, 954 (D. Ariz. 2013) (citing *Tosco Corp. v. Comtys. for a Better Env't*, 236 F.3d 495, 499 (9th Cir. 2001)). Allegations raised under FRCP 12(b)(1) should be addressed before other reasons for dismissal because if the complaint is dismissed for lack of subject matter jurisdiction, other defenses raised become moot. *Kinlichee*, 929 F. Supp. 2d at 954. A motion to dismiss for lack of subject matter jurisdiction under FRCP 12(b)(1) may attack either the allegations of the complaint as insufficient to confer upon the court subject matter jurisdiction or the existence of subject matter jurisdiction in fact. *Renteria v. United States*, 452 F. Supp. 2d 910, 919 (D. Ariz. 2006) (citing *Thornhill Publ'g Co., Inc. v. General Tel. & Elecs. Corp.*, 594 F.2d 730, 733 (9th Cir.1979)); *Edison v. United States*, 822 F.3d 510, 517 (9th Cir. 2016). When the motion to dismiss attacks the allegations of the complaint as insufficient to confer subject matter jurisdiction, all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. *Renteria*, 452 F. Supp. 2d at 919 (citing *Federation of African Amer. Contractors v. City of Oakland*, 96 F.3d 1204, 1207 (9th Cir. 1996)). When the motion to dismiss is a factual attack on subject matter jurisdiction, however, no presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the existence of subject matter jurisdiction in fact. *Renteria*, 452 F. Supp. 2d at 919 (citing *Thornhill*, 594 F.2d at 733). A plaintiff has the burden of proving that jurisdiction does in fact exist. *Renteria*,

452 F. Supp. 2d at 919 (citing *Thornhill*, 594 F.2d at 733). Conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss. *Rosenbaum v. Syntex Corp.*, 95 F.3d 922, 926 (9th Cir. 1996).

### III. Discussion

In the Motion, the Defendant argues that Count 2 of the Plaintiff's complaint should be dismissed from this action because (i) ONHIR has not issued a final agency decision on the claim, and (ii) the Plaintiff did not allege this claim in any prior agency hearings with ONHIR. (Doc. 9 at 6–10) The Defendant argues that ONHIR has only issued a final decision on the Plaintiff's application for relocation benefits, and the Court may not consider the Plaintiff's claim for breach of fiduciary duty because the issue is not ripe for review until ONHIR has issued a final decision on the claim. In response, the Plaintiff argues that both of his claims are brought pursuant to the Settlement Act, and exhaustion of administrative remedies is not required under the Settlement Act.[1] (Doc. 12 at 5, 7–8) The Plaintiff does not directly address whether his breach of fiduciary duty claim was raised in any prior proceedings before ONHIR.

It is clear to the Court that the Plaintiff's breach of fiduciary duty claim was never raised before ONHIR, and the Plaintiff is asserting this claim for the first time before the Court. The record before the Court is completely devoid of any mention of the Plaintiff's breach of fiduciary duty claim. Under District of Arizona precedent, it is well settled that a plaintiff waives a claim that is not raised in an administrative hearing before ONHIR. *Bahe v. Office of Navajo*, No. CV-17-08016-PCT-DLR, 2017 WL 6618872, at 6 (D. Ariz. Dec. 28, 2017) (stating "[p]laintiff's argument is waived because [it] did not raise it during the administrative proceedings."). Furthermore, this Court has consistently held that it lacks jurisdiction over matters in which ONHIR has not issued a final agency decision. *George v. Office of Navajo*, No. CV-17-08200-PCT-DLR, 2018 WL 3536733, at 2 (D.

---
[1] In the Complaint, the Plaintiff implies that Count 2 is brought pursuant to the Administrative Procedure Act, stating "[t]he APA permits judicial review on behalf of a person who ONHIR owes a fiduciary obligation," and "[t]he APA permits judicial review on behalf of any person who seeks nonmonetary relief and has suffered a legal wrong because of action or inaction by a federal agency . . . ." (Doc. 1 at 9)

Ariz. July 23, 2018) (stating "[w]ithout a final agency action, this Court lacks jurisdiction."). The Plaintiff has not provided any persuasive reason to require the Court to deviate from settled precedent. Therefore, the Court finds that Count 2 of the Plaintiff's Complaint must be dismissed because the Plaintiff did not raise his breach of fiduciary duty claim during his ONHIR proceedings, and ONHIR has not issued a final agency decision on this issue. Accordingly,

**IT IS ORDERED**:

That the Defendant's Motion to Dismiss Count II of the Complaint for Lack of Subject-Matter Jurisdiction (Doc. 9) is **granted**.

Dated this 17th day of September, 2019.

Honorable Steven P. Logan
United States District Judge